# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1739V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| K.B.H., | **UNPUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: January 8, 2021 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Nancy Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner
*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 6, 2017, K.B.H. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program") alleging K.B.H. suffered a

> manifestation or significant aggravation of dysautonomia, postural orthostatic tachycardia syndrome (hereinafter "POTS"), essential tremor, encephalopathy,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

>syncope, whole-body convulsions, sleep disorder, restless leg syndrome, loss of appetite, headaches, and pain and dysfunction in her lower extremities, resulting from the adverse effects of one or more of the multiple Gardasil HPV vaccinations she received on November 7, 2014, January 9, 2015, and June 10, 2015.

Pet. at 1, ECF No. 1.

On May 18, 2020, Petitioner filed an application for interim attorneys' fees and costs, totaling $275,974.90. Fees App. at 5, ECF No. 58. On June 1, 2020, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 48. Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2.

On September 22, 2020, Petitioner filed a supplement to her Motion for Interim Attorney's Fees and Costs.[3] ECF No. 67. In this supplement, Petitioner's counsel, Ms. Meyers, informed me that Chief Special Master Corcoran awarded her an hourly rate of $430.00 per hour and $154 per hour for her paralegals in *Gorczyca v. Sec'y of Health & Hum. Servs*. *Id.* at 1. On November 16, 2020, Petitioner filed a second supplement[4] updating me that Chief Special Master Corcoran withdrew his decision and entered a Decision on November 6, 2020 awarding Ms. Meyers a rate of $400.00 per hour and her paralegals a rate of $150.00 per hour. ECF No. 72. As a result, Petitioner requests an award of $275,551.30 for interim attorney's fees and costs. *Id.* at 2.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of $247,276.16 in interim attorneys' fees and costs.

## I.   Legal Standard

### A. Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V,

---

[3] Filed as a Motion.

[4] Also filed as a Motion.

2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found

3

that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

Counsel for Petitioner has worked on this case for over three years; further, counsel avers that the work has been "exceedingly complex". Fees App. at 2. Petitioner has submitted over 40

4

exhibits of medical records, totaling thousands of pages, ten affidavits, and five expert reports from Drs. Svetlana Blitshteyn and Lawrence Steinman. *Id.* Counsel for Petitioner has invested significant time and costs in the procurement of expert reports and medical records and believes "the case will continue for the foreseeable future without resolution." *Id.* at 3. Thus, I find it reasonable to award interim fees and costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Petitioner has filed an extensive amount of medical records. *See* Exs. 9-13, 15-19, 27-42, 49-50, 52, 54-61, 64-71, 73-74, 77-81, 104-105. Furthermore, Petitioner has submitted four expert reports from Dr. Svetlana Blitshteyn, and one expert report from Dr. Lawrence, Steinman. *See* Exs. 53, 63, 75, 76, 82. Both Drs. Blitshteyn and Steinman are board certified in neurology. *See* ECF No. 29-1 at 1, 51-1 at 3. With the medical records and expert reports provided, such evidence is sufficient to justify the filing on this Petition, thus I find the petition was filed with reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $252,751.40 in attorneys' fees. *See* Second Supplement to Motion for Interim Attorney's Fees and Costs (hereinafter "Second Supp. Mot.") at 2, ECF No. 72.

      i. *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for

subsequent years.[5]

Petitioner's counsel, Ms. Nancy Meyers requests to be compensated at a rate of $400.00 per hour for work performed after March 23, 2020, when she joined Turning Point Litigation. Sec. Supp. at 1. That request is consistent with Chief Special Master Corcoran's rate determination. *See Gorczyca vs. Sec'y of Health & Hum. Servs.*, No. 18-1284, 2020 WL 723848 (Fed. Cl. Spec. Mstr. Nov. 6, 2020). Ms. Allison Mullins requests to be compensated at a rate of $400.00 per hour for her work in 2017, and every successive year after an additional $10.00 per hour. *See* Fees App. at 3. Mr. L. Cooper Harrell requests to be compensated at a rate of $340.00 per hour, and an additional $10.00 per hour every following year. These rates are consistent with *McCulloch* and with what each of these attorneys has been previously awarded in the Program. *See*, *e.g.*, *Gorczyca vs. Sec'y of Health & Hum. Servs.*, No. 18-1284, 2020 WL 723848 (Fed. Cl. Spec. Mstr. Nov. 6, 2020). Petitioner also requests an hourly rate of $135.00 per hour for paralegal work performed in 2017, with a $3.00 per hour increase every following year.

These rates are consistent with such work previously awarded in the Program. Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

   ii. *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

---

[5] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App. at 37-158. I find the hours to be largely reasonable, however I find a reduction is appropriate for time billed by attorneys and paralegals for administrative tasks, such as organizing exhibits, preparing CDs, and filing records. Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing "reviewing invoices, setting up meetings, and making travel arrangements" as examples of administrative tasks); *Macrelli v. Sec'y of Health & Hum. Servs.*, No. 98–103, 2002 WL 229811, at *7 (Fed. Cl. Spec. Mstr. Jan. 30, 2002) (stating that "time spent performing secretarial tasks is to be subsumed in the overhead costs of practicing law and is not reimbursable"); *Isom v. Sec'y of Health & Hum. Servs.,* No. 94–770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with respondent that tasks such as filing and photocopying are subsumed under overhead expenses).

These entries total over 150 hours, more than 10% of the 1077.2 hours billed. *See* ECF No. 72-1 at 2-41. These administrative tasks were completed by both attorneys and paralegals. *See id.* Several entries are provided to demonstrate the administrative nature of these billed activities: "Organize Petition Exhibits into folders (1.5); OCR and bates stamp each exhibit (3.5); condense the large exhibits down pursuant to the Court's Rules (2.5)" totaling 7.5 hours on November 4, 2017; "compress the size of the electronic petition exhibits so they could be filed with the Court, and continue to prepare the petition exhibits for filing (5.6)" on March 2, 2018; "Draft Notice of Filing and Updated Exhibit Lists (.8); prepare cover sheets for additional exhibits (.4); bates stamp and OCR new exhibits in preparation of filing them with the court (1.2)" on July 16, 2019. Because these entries are voluminous, I have not listed them in their entirety. Instead, I will reduce the requested attorneys' fees by 10%, or $25,275.14.

Total attorneys' fees to be awarded: **$227,476.26**

**D. Reasonable Costs**

Petitioner requests a total of $22,799.90 in costs, which includes obtaining medical records, postage costs, the Court's filing fee, legal research fees, and expert report fees. Second Supp. Mot. at 2. I have reviewed the supporting documentation and find this request to be reasonable. Accordingly, I award costs in full.

    i. *Petitioner's Expert Costs*

Petitioner requests costs for the work performed by Dr. Svetlana Blitshteyn and Dr. Lawrence Steinman. Dr. Blitshteyn billed a total of 37.75 hours for her review of Petitioner's medical records and preparation of four expert reports, at a rate of $400.00 per hour, for a total of $15,100.00. Dr. Blitshteyn has previously been awarded her requested rate and I see no reason to disturb such a request. *See Humphries v. Sec'y of Health & Hum. Servs.*, No. 17-288, 2020 WL 7706965 (Fed. Cl. Spec. Mstr. Dec. 4, 2020); *Carey v. Sec'y of Health & Hum. Servs.*, No. 16-828, 2018 WL 1559805 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Barry v. Sec'y of Health & Hum. Servs.*, No. 12-039, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); *Turkupolis v. Sec'y of Health*

7

*& Hum. Servs.*, No. 10-351, 2015 WL 393343 (Fed. Cl. Spec. Mstr. Jan. 9, 2015).  I also find the time Dr. Blitshteyn billed to complete her work on this case was reasonable.  Accordingly, I award Dr. Blitshteyn's expert costs in full.

Petitioner also requests $3,000.00 for Dr. Steinman's retainer.  Although Dr. Steinman has provided an expert report in this case, documentation for the hours Dr. Steinman spent preparing his report has not been submitted.  Petitioner can request the payment for Dr. Steinman's expert fees in a final motion for attorneys' fees and costs. Accordingly, I defer the award Dr. Steinman's expert costs at this time.

   ii.  *Miscellaneous Costs*

I have reviewed all miscellaneous costs for which compensation is requested as well as the supporting documentation.  I note that documentation regarding USPS postage and photocopying was not provided.  These postage expenditures parallel the United States postage prices throughout the years and do not seem unreasonable.  Thus, I award Petitioner's requested costs in full.

Total costs to be awarded: **$19,799.90**

**III. Conclusion**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$247,276.16**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Nancy Meyers.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

                  <u>s/ Katherine E. Oler</u>
                  Katherine E. Oler
                  Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.