# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1739V
(Unpublished)

| | |
|---|---|
| K.B.H., | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: March 17, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Nancy Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner
*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent

## **DECISION DISMISSING PETITION**[1]

### I.     Procedural History

On November 6, 2017, K.B.H. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she had adverse effects, including "the manifestation or significant aggravation of dysautonomia, postural orthostatic tachycardia syndrome (hereinafter "POTS"), essential tremor, encephalopathy, syncope, whole-body convulsions, sleep disorder, restless leg syndrome, loss of appetite, headaches, and pain and dysfunction in her lower extremities," to one or more of the Gardasil HPV vaccinations she

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

received on November 7, 2014, January 9, 2015, and June 10, 2015. Pet. at 1. Petitioner filed a statement of completion on July 12, 2018. ECF No. 30.

On July 12, 2018, Petitioner filed an expert report written by Dr. Svetlana Blitshteyn. Ex. 53. On November 9, 2018, Respondent filed an expert report written by Dr. Glen Cook. Ex. A. On December 5, 2018, Petitioner filed another report from Dr. Blitshteyn. Ex. 63.

On July 12, 2019, Respondent filed a Rule 4(c) Report recommending compensation be denied. Resp't's Rep. at 1, ECF No. 44. More specifically, Respondent's expert, Dr. Cook, a neurologist, filed an expert report explaining how Petitioner's proposed theory is "untested and not fully respected within the medical community." *Id.* at 8; *see also* Ex. A at 3. Dr. Cook also stated that Petitioner has been "repeatedly diagnosed with conversion disorder" and Petitioner does not meet the diagnostic criteria for POTS. Resp't's Rep. at 9; *see also* Ex. A at 4.

On July 23, 2019, Petitioner filed another report from Dr. Blitshteyn. Ex. 75. On November 20, 2019, Respondent filed an expert report from Dr. Jeffrey Boris, a pediatric cardiologist. Ex. T. On January 31, 2020, Petitioner filed a fourth report from Dr. Blitshteyn. Ex. 76. On June 18, 2020, Petitioner filed an expert report from Dr. Lawrence Steinman. Ex. 82. On September 14, 2020, Respondent filed an expert report by Dr. Andrew MacGinnitie. Ex. VV. On March 22, 2021, Petitioner filed a second expert report from Dr. Steinman. Ex. 106. On July 1, 2021, Respondent filed a second expert report from Dr. MacGinnitie. Ex. BBBB. On July 2, 2021, I issued an order giving Petitioner 60 days to file a status report indicating how she would like to proceed. *See* non-PDF Order dated 7/2/2021. Petitioner filed status reports on 9/15/2021, 12/14/2021, and 1/13/2022 indicating she intends to file a civil action for a traditional tort remedy and was consulting with counsel. ECF Nos. 86, 87, 88. On March 15, 2022, Petitioner filed a status report stating she intends to file a Motion for Decision Dismissing her Petition and requested 30 days to do so. ECF No. 89. I granted that request. *See* non-PDF Scheduling Order dated 3/15/2022.

Petitioner filed the instant motion to dismiss her claim on March 16, 2022, stating

> Petitioner has made the choice that she would like to opt out of the Vaccine Program in advance of the Court ruling on entitlement. She wishes to pursue a third-party action in district court against Merck directly. **This choice should not be viewed in any way that Petitioner does not believe in the merits of her claim or that her injures are not a result of Gardasil**. Petitioner simply needs a judgment from the Vaccine Program so that she may reject said judgment and submit her election to opt out. Respondent has indicated that he does not object to Petitioner's Motion for a Decision of Dismissal.

Pet'r's Mot. at 2, ECF No. 90.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not

receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

3